UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COBASYS, L.L.C.,
A Michigan limited liability company,

          Plaintiff,  CIVIL CASE NO. 07-13736

v.

FMP RESISTANCE WELDING SUPPLY, INC.,  HONORABLE PAUL V. GADOLA
A Tennessee corporation  U.S. DISTRICT COURT

          Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO TRANSFER**

  This is a breach of contract dispute between Plaintiff Cobasys, a Michigan limited liability company ("Cobasys") and Defendant FMP Resistance Welding Supply, Inc., a Tennessee corporation ("FMP"). Before the Court is Defendant's motion to dismiss or, in the alternative, to transfer the cause of action to the Southern District of Ohio. For the following reasons, the Court will deny Defendant's motion.

**I. Background**

  Plaintiff Cobasys, is a Michigan limited liability company that manufactures nickel metal hydride batteries. Defendant FMP is a Tennessee corporation that specializes in resistance welding systems. Since 2002, FMP has worked with Cobasys designing and manufacturing seam welding stations for a Cobasys factory in Springboro, Ohio. Some of the work performed by FMP in 2002-2004 is the subject of the current action. This is not, however, the first legal dispute between the parties.

  Beginning in 2005, a dispute arose between the parties that resulted in suits being filed both

here, before this Court, and in the Southern District of Ohio. After consideringDefendant FMP's motion to dismiss the suit pending in this Court, or in the alternative, to transfer the suit to the Southern District of Ohio, the Court ruled that Defendant FMP was subject to personal jurisdiction in this district and therefore dismissal for improper venue was not warranted. *See Cobasys v. FMP Resistance Welding Supply, Inc.*, No. 05-40043, 2006 WL 901681 (E.D. Mich. Mar. 31, 2006). However, the Court found that transfer of the action to the Southern District of Ohio was warranted for the convenience of the witnesses and the parties. *Id.* The action was transferred and, according to the parties' representations, is still pending in the Southern District of Ohio.

Plaintiff Cobasys has now filed a second, separate action in Michigan. The action was filed initially in the Oakland County Circuit Court for the State of Michigan. Defendant removed the case on September 5, 2007. The complaint alleges three counts of breach of contract, stemming from three separate purchase orders executed between Cobasys and FMP or their authorized intermediaries. Plaintiff claims the welding systems supplied by Defendant were inadequately designed, not delivered on time, were constructed in violation of the express and/or implied warranties, and failed to operate according to Plaintiff's manufacturing specifications and requirements. Defendant denies these allegations.

Defendant has now filed a motion to dismiss or, in the alternative, to transfer the cause of action to the Southern District of Ohio. Defendant argues that, pursuant to 28 U.S.C. § 1391, the complaint should be dismissed because this is not the proper venue. In the alternative, Defendant argues that this cause of action should be transferred to the Southern District of Ohio so that it may be consolidated with the previous actions, which are still pending there.

**II.     Legal Standard and Analysis**

   **A.     Motion to Dismiss for Improper Venue**

Defendant FMP argues that venue is not proper in this district, according to 28 U.S.C. § 1391(a), because FMP is a Tennessee corporation and does not reside in this district. Furthermore, according to FMP, a substantial portion of the events that are the subject matter of this suit occurred in Springboro, Ohio, the same location as the property that forms the subject of the action, the seam welders. The Court disagrees with FMP's analysis.

In analyzing a motion to dismiss for improper venue, the Court first recognizes that Defendant FMP bears the burden of establishing that venue is improper. *Amphion Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d. 943, 945 (E.D. Mich. 2003) (Gadola, J.) (citing 17 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 110.01 (3d ed. 1997)).

   In a diversity action, venue must be proper under 28 U.S.C. § 1391(a), which states:

   A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Under the statute, courts have routinely recognized that venue can be proper in more than one district. *See, e.g., Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (Gadola, J.) ("Venue may be proper in more than one judicial district under section 1391."). Therefore, to succeed on its motion, FMP must demonstrate that (1) no substantial part of the events giving rise to this claim occurred in the Eastern District of Michigan and that (2) no substantial part of the

property that is the subject of the action is located in the district. *See* 28 U.S.C. § 1391(a)(2). In articulating the meaning of "substantial part," the United States Court of Appeals for the Sixth Circuit has stated that "this includes any forum with a substantial connection to the plaintiff's claim." *First of Michigan Corp. v. Bramlet*, 141 F .3d 260, 263-64 (6th Cir.1998). As this Court has previously recognized, § 1391(a)(2) "does not require venue in the district with the most substantial contacts to the dispute. Rather, it is sufficient that a substantial part of the events occurred in the challenged venue, even if a greater part of the events occurred elsewhere." *Amphion, Inc.*, 285 F. Supp. 2d at 946 (emphasis added) (quoting *Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 352 (S.D.N.Y. 2003) (citations omitted)). Thus, even if a majority of the events occurred in the Southern District of Ohio, venue can still be proper in the Eastern District of Michigan if there is a substantial connection or contact between the subject matter of this case and this district.

In the present case, Defendant has failed to carry its burden. Although it is clear that the suit has a substantial connection to the Southern District of Ohio, the suit also has a substantial connection to this district, the district in which Plaintiff Cobasys resides. In particular, Plaintiff Cobasys asserts that it identified the need for the new equipment, developed the requests for quotation for the new equipment, received the quotations, held negotiations, awarded the contracts, met with Defendant FMP, issued the purchase orders and a statement of work to Defendant FMP, documented the effects of FMP's allegedly flawed performance, and suffered the effects of Defendant's alleged breach, all principally at its Michigan corporate location. Accordingly, Defendant is subject to the jurisdiction of this Court, *see* M.C.L. § 600.705; *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1988), and the suit has a substantial connection to the Eastern District of Michigan. Therefore, because venue in this district is proper, 28 U.S.C. §

4

1391(a), Defendant's motion to dismiss will be denied.

B.      **Motion to Transfer**

Absent a dismissal for improper venue, FMP asserts that the cause of action should be transferred to the Southern District of Ohio for the convenience of the witnesses and the parties. FMP argues that transferring the action to Ohio would be more convenient for Plaintiff Cobasys' witnesses and would allow the Ohio district court to consolidate this present case with the previous cases filed in May 2005. The Court disagrees.

Courts have broad discretion to grant or deny a motion for transfer of venue under § 1404(a). *Overland,* 79 F. Supp. 2d at 811 (Gadola, J.) (citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989)). Under § 1404(a), the Court may transfer a civil action to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Such a transfer may be granted "[f]or the convenience of parties and witnesses [and] in the interest of justice." *Id*. In making this decision, the Court must first determine: (1) whether the action could have been brought in the proposed transferee district, (2) whether a transfer would promote the interests of justice, and (3) whether a transfer would serve the parties' and witnesses' convenience. *United States v. P.J. Dick Inc.*, 79 F. Supp. 2d 803, 806 (E.D. Mich. 2000) (Gadola J.). The moving party bears the burden of demonstrating that, in light of these factors, "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001) (quoting *Rowe v. Chrysler Corp.*, 520 F. Supp. 15, 16 (E.D. Mich. 1981)). The moving party must make this showing by a preponderance of the evidence. *Amphion Inc.*, 285 F. Supp. 2d at 946-47 (Gadola, J.) (citing *Thomas*, 131 F. Supp. 2d at 936; *Int'l Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433 (N.D. Ohio 1995)).

In the present case, the moving Defendant, FMP, has again failed to carry its burden. There is no doubt that the action could have been brought in the proposed transferee district. *See P.J. Dick Inc.*, 79 F. Supp. 2d at 806. However, the assertions that the transfer would promote the interests of justice and would serve the parties' and witnesses' convenience are less than settled. Although the Court transferred the previous cause of action, that case has been pending for more than two years. To suppose, as Defendant suggests, that this new case could be transferred to the Southern District of Ohio and consolidated with the case filed in 2005, would be to ignore the vastly different stages of litigation in which the cases now find themselves. This Court will not presume upon the Ohio court that the two actions would be consolidated nor can this Court find that at this stage of the litigation, consolidation would effect any justice at all. Instead, it appears transfer and consolidation would only delay the long-pending Ohio case by adding new issues.

Furthermore, Defendant has not sufficiently demonstrated that the convenience of the parties or the witnesses favors a transfer. *See P.J. Dick Inc.*, 79 F. Supp. 2d at 806. Although the Court previously transferred the suit that arose between Cobasys and FMP, in that case there were two other companies, Taylor-Winfield and Precision Industrial Automation, that were intimately involved in the litigation. Both of those companies were Ohio-based companies and an Ohio litigation venue was clearly more convenient for each of them. In the present case, there is no indication that either of these two companies will play a significant role in the litigation between the Michigan-based Cobasys and the Tennessee-based FMP. Therefore, there appears to be little convenience in transferring the matter to Ohio. In fact, Defendant fails to effectively rebut Plaintiff's assertion that the majority of Plaintiff's witnesses reside in Michigan. Moreover, although several witnesses from Cobasys' Ohio facility are expected to testify, Plaintiff asserts that

their testimony will rely on documents that are principally located at Cobasys' Michigan headquarters. Accordingly, the Court is unwilling to disturb Plaintiff's choice of forum.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss or, in the alternative, transfer this cause of action [docket entry #3] is **DENIED**.

**SO ORDERED.**

Dated:   January 17, 2008                                         s/Paul V. Gadola
                                                                                   HONORABLE PAUL V. GADOLA
                                                                                   UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   January 17, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                   C. Douglas Moran; Michael R. Turco                                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                 .

                                                                                   s/Ruth A. Brissaud
                                                                                   Ruth A. Brissaud, Case Manager
                                                                                   (810) 341-7845